There is another reason why the plaintiff was entitled to recover possession of the property.

2    When the property is sold under compulsory process to raise money to pay debts, the rule of *caveat emptor* prevails.   The officer sells and the purchaser buys only the interest which the debtor has in the property, In *Perry v. Williams,* Dud. 44, it is said:

"The rule in sheriff's sales is *caveat emptor.*   The sheriff sells the interest of the defendant in the property, and the purchaser buys it, be it more or less.   In the case of *Moore v. Aiken,* 2 Hill, 403, although it appeared that the defendant had no title, yet Aiken, who was the purchaser, was held to pay his bid.   * * * In *Davis v. Hunt,* 2 Bailey, 412, the purchaser was held bound to pay, although he bought his own land, and did so under the supposition that his fi. fa. was the oldest."

See, also, *Latimer v. Wharton,* 41 S. C. 508, 19 S. E. 855, 44 Am. St. Rep. 739, and 16 R. C. L. 119, 120.

Reversed.

---

### 10759

#### MILLER v. COOPER, GOVERNOR, *ET AL.*

#### (109 S. E. 800)

MANDAMUS—WILL NOT LIE TO COMPEL STATE OFFICIAL TO PRESENT, AUDIT, AND APPROVE CLAIM FOR SERVICES WHERE IT IS NOT CLEAR THAT STATE AGREED TO PAY.—Mandamus will not lie to require officials to present, audit, and approve dentist's claim for services performed on inmates of penitentiary where there is a controversy as to whether the State had agreed to pay for such services.

Before TOWNSEND, J., Richland, July, 1921.   Appeal dismissed.

Mandamus by G. F. Miller against R. A. Cooper, Governor of the State of South Carolina, ex officio member of the Board of Directors of the State Penitentiary, and others.   Writ denied, and relator appeals.   Appeal dismissed.

Relator claimed to have performed dental services for inmates of State penitentiary and brings this proceeding against the defendant' officials to require them to present, audit, and approve his claim therefor. The defendants denied that the State had contracted to pay relator for such services and claimed that the services were to have been paid for by the inmates for whom services were rendered.

Order of lower Court denying writ is as follows:

This matter came on for hearing before me upon petition and return thereto and traverse herein filed. Upon consideration of the entire matter, and after hearing argument of counsel, I hold that the matter of contract between the parties herein is in controversy, and is not conclusive; it is not clear that the petitioner was employed by the superintendent of the penitentiary, and therefore the case does not present facts justifying a writ of mandamus. Therefore it is ordered that the petition be, and hereby is, dismissed, and the prayer refused.

*Messrs. Thos. H. Peeples* and *G. Duncan Bellinger*, for appellant, cite: *Estoppel by conduct*: 6 S. C. 46; 9 Wall. 274; 13 S. C. 370; 97 S. C. 116. *Plain ministerial duty to appoint dentist under Act*: 27 Cyc. 795; 63 S. C. 189. *Mandamus will issue*: 30 S. C. 579; 26 S. C. 192; 35 S. C. 213; 35 S. C. 233; 35 S. C. 245; 38 S. C. 326; 7 S. C. 376.

*Mr. Samuel M. Wolfe, Atty. Gen'l.,* for respondent, cites: *Act requiring discretion not compellable by mandamus*: 82 S. C. 141; 18 S. C. 246; 1 S. C. 23; 15 S. C. 323.

December 6th, 1921.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

For the reasons assigned by his Honor the Circuit Judge, the appeal herein is dismissed.